**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joeseph Signorelli, | No. CV-26-00358-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Twin City Fire Insurance Company, | |
| Defendant. | |

Under Federal Rule of Civil Procedure 7.1(a)(2) every party in a case in which this Court's jurisdiction is based on diversity must file a disclosure statement. Here, Defendant filed a disclosure statement using the wrong form. (Doc. 4). Plaintiff never filed any form. The Clerk's office advised the parties of this requirement and gave both parties 14 days to file the required disclosure statement. (Doc. 5). Neither party complied by the February 4, 2026, deadline.

Additionally, the Court cannot determine jurisdiction by reading the deficient notice of removal. *See generally Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("Inquiring whether the court has jurisdiction is a federal judge's first duty in every case."). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction" and the burden of establishing jurisdiction is on the party asserting jurisdiction. *Id*.

1  Specifically, Defendant states, "Defendant Twin City Fire Insurance Company is a foreign property and casualty insurer with its principal place of business in Hartford, Connecticut. According to the Complaint Plaintiff is domiciled in Arizona." (Doc. 1). "Foreign" is not an affirmative jurisdictional allegation. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Additionally, a "domicile" is not necessarily a "citizenship." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (finding alleging diversity jurisdiction based on residency rather than citizenship to be inadequate).

Further, Defendant fails to establish an amount in controversy. In the notice of removal, Defendant says, "Upon information and belief, … the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs." (Doc. 1). Jurisdictional allegations can be made on information and belief only when the facts cannot be reasonably ascertained. *Carolina Cas. Ins. Co.*, 741 F.3d at 1087. Defendant offers no explanation as to why it cannot reasonably ascertain the amount in controversy. Additionally, Defendant offers no explanation how it, in good faith, formed its "information and belief" regarding the amount in controversy. *See Padilla v. Veyo LLC*, No. CV-23-02380-PHX-JAT, 2024 WL 3851213, at *2 (D. Ariz. Aug. 16, 2024) ("'Information and belief' is not merely the lack of known contradictory facts. It must be based on specific facts from which reasonable inferences can be drawn. *Sandisk Corp. v. LSI Corp.*, No. C 09-02737 WHA, 2009 WL 3047375, at *2 (N.D. Cal. Sept. 18, 2009)...").

As a result,

**IT IS ORDERED** that Plaintiff and Defendant must each file the required disclosure statement (*see* Doc. 5) by February 20, 2026.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Defendant must, by February 20, 2026, file a supplement to the notice of removal fully alleging federal subject matter jurisdiction.

Dated this 13th day of February, 2026.

James A. Teilborg
Senior United States District Judge

- 3 -