**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joeseph Signorelli, | No. CV-26-00358-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Twin City Fire Insurance Company, | |
| Defendant. | |

Pending before the Court is a discovery dispute submitted by the parties.  (Doc. 25). The parties dispute Defendant's objections to producing two categories of documents: 1) certain employees' performance evaluations; and 2) advertising and marketing materials. To begin:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## I.    Performance Evaluations

Plaintiff seeks production of the performance evaluations of: 1) three employees who were involved in handling the claim at issue in this case and 2) each of those employees' supervisors.  Plaintiff seeks this information because the evaluations "[may

show] institutional goals the defendant carrier may have set for claims-handling and will show which adjuster behaviors are complimented and which are criticized." (Doc. 25 at 1–2). Defendant objects arguing that the evaluations of the employees are not relevant and are not proportional. (Doc. 25 at 1).

The Court will consider Defendant's relevance objection. As to Defendant's proportionality objection, the Court is unclear what Defendant's "proportionality" objection is specifically.[1] Later in the joint motion, Defendant states that this information is otherwise readily available; thus, the Court assumes Defendant means Plaintiff should seek this information via another source rather than a request for these evaluations. Defendant offers no argument (and the Court cannot hypothesize one) that these employees' evaluations are so voluminous that the cost of production is disproportional to the needs of this case. Defendant also makes no explicit argument that the employees' privacy interest in the evaluations is not proportional to the needs of this case. Nonetheless, this Court will balance these third parties' privacy interests in this portion of their personnel files against the needs of this case.[2]

On a general level, the Court overrules Defendant's relevance objection to the topic of employee evaluation and compensation. If Plaintiff's speculation is correct–that employees were evaluated based on denying (or reducing) claims–such information would be relevant in a bad faith case. However, on a specific level, the Court sustains Defendant's objection as to whether Plaintiff has shown the relevance of these particular files. This Court has previously found that blanket requests for entire files amount to a fishing

---

[1] The parties chose to put both disputes in one joint motion. While the Court understands the page limits of a discovery dispute motion as set by this Court's Rule 16 order are very short, the parties could elect to file one motion per dispute.

[2] *See Sanchez v. City of Santa Ana,* 936 F.2d 1027 (9th Cir. 1990) (recognizing that employee personnel files are not absolutely privileged but are of a confidential nature); *Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012) (noting that discovery may be tailored to balance the needs of the case against a party's reasonable expectations of privacy.) *McBeath v. Tucson Tamale Co.*, No. CV16-0462-TUC-DCB-BPV, 2017 WL 3118779, at *12 (D. Ariz. July 21, 2017) (citation omitted) ("When evaluating privacy objections, the Court must balance the party's need for the information against the individual's privacy right in his or her employment files.").

expedition and denied such broad requests as follows:

> [A]n overbroad blanket request can amount[] to a fishing expedition. *E.E.O.C.*, 2012 WL 2357261 at *1 (citing *Lewin v. Nackard Bottling Co.,* No. CV 10-8041-PCT-FJM, 2010 WL 4607402, *1 (D. Ariz. Nov. 4, 2010) (granting motions to quash subpoenas as overbroad when the subpoenas requested plaintiff's complete personnel records from former employers); *Oyenik*, 2014 WL 12787872 at *2 (quashing a subpoena "[b]ecause Plaintiff has not limited his subpoena to certain categories of documents, [and therefore,] Plaintiff is trying to engage in a 'fishing expedition.'")); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in fishing expeditions.") (internal citation and quotations omitted).

*Walker v. AIU Ins. Co.*, No. CV-23-01641-PHX-JAT, 2024 WL 4607473, at *2 (D. Ariz. Oct. 29, 2024).

Here, other than hypothesizing that performance reviews may be tied to denying claims, Plaintiff makes no showing that such a practice is occurring. This speculation is insufficient, on this record, to overcome the employees' privacy interest in their employment evaluations (which may end up having no relevance to this case) being disclosed. Plaintiff may depose these employees (and/or other managers or employees of Defendant). If a deposition reveals a concrete need for the performance evaluations that is relevant to bad faith, then Plaintiff can renew the request for the evaluations. *See Romney v. Progressive Preferred Ins. Co.*, No. CV-23-01936-PHX-ROS, 2024 WL 4503915, at *2 (D. Ariz. Oct. 16, 2024) (allowing production of personnel files after a deposition established relevance). Thus, the Court sustains Defendant's objection to the extent it is based on Plaintiff being able to preliminarily obtain this information from another source.

## II.    Marketing Materials

Plaintiff also requests "marketing materials, newsletters, guidance or information made available to insureds or prospects in years 2021-25." (Doc. 25 at 2). Plaintiff argues this information is relevant "because workers compensation carriers have been known to market to employers by touting a record of holding down medical payments, paying less on claims than industry averages, reducing time missed from work, etc." (*Id.*). Defendant objects arguing the request is "vague and ambiguous," not relevant, not proportional, and that production would be an undue burden. (*Id.*).

The Court overrules the objection that the request is vague and ambiguous. A company knows what it is expensing as marketing and advertising, and those general promotional materials are what Plaintiff seeks.

The Court overrules the proportionality and undue burden objections because Defendant makes no showing or argument regarding the amount of materials this request encompasses; and therefore fails to show that the burden would be high.

As to relevance, Defendant does not offer, and the Court cannot hypothesize, how else Plaintiff could obtain this information.[3] Further, the Court is not balancing any interest against disclosure given that this request calls for information that would have been sent to either customers or prospective customers and not kept confidential. If Defendant promises to pay low amounts on claims, such information would be relevant in a bad faith case. Therefore, on this record, the Court overrules Defendant's relevance objection to producing the marketing materials.

In sum, the Court overrules all of Defendant's objections to these materials.

**III.    Conclusion**

Based on the foregoing,

///
///
///
///
///
///
///
///
///
///

---

[3] Presumably Defendant does not want to disclose a client list and a prospective client list and have Plaintiff subpoena all those customers and potential customers as to what promotional material they received.

- 4 -

**IT IS ORDERED** that the motion for discovery (Doc. 25) is granted in part and denied in part as follows:

Defendant's objection to producing the employees' performance reviews is sustained, without prejudice to Plaintiff making the request again if Plaintiff can establish relevance/proportionality.

Defendant's objection to producing marketing materials from 2021 to 2025 is overruled. Defendant shall produce all responsive materials within 14 days of the date of this Order.

Dated this 8th day of June, 2026.

James A. Teilborg
Senior United States District Judge