**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Joeseph Signorelli,

Plaintiff,

v.

Twin City Fire Insurance Company,

Defendant.

No. CV-26-00358-PHX-JAT

**ORDER**

Pending before the Court is the parties' discovery dispute. (Doc. 34). In short summary, in this case Plaintiff seeks compensatory and punitive damages against Defendant, an insurance company, for allegedly handling his workers compensation claim in bad faith. (Doc. 16 at 1).

## I. Parties' arguments

At issue in the pending discovery dispute is whether certain notes in Defendant's file regarding Plaintiff's claim are protected by the attorney-client privilege. (Doc. 34). Specifically, Plaintiff seeks production of:

| Date | Bates Number | Description |
|---|---|---|
| 1) 2/28/24 | Hartford 002459 | Claim Notes by J. Shearer and T. Dossman |
| 2) 4/17/24 | Hartford 002439-41 | Claim Note by J. Shearer |
| 3) 8/28/24 | Hartford 002428 | Claim Note by J. Shearer |
| 4) 9/11/24 | Hartford 002425-2427 | Claim Note by J. Shearer |
| 5) 1/21/25 | Hartford 002399-2400 | Claim Note by J. Shearer |

| | | |
|---|---|---|
| 6) 4/23/25 | Hartford 002385 | Redacted Portions–Claim Note by J. Shearer |
| 7) 5/13-29/25 | Hartford 002380-81 | Redacted Portions–Claim Note by J. Shearer |
| 8) 12/10/25 | Hartford 002361-62 | Redacted Portions–Claim Note by J. Shearer |
| 9) 12/17/25 | Hartford 002349-50 | Claim Notes by J. Shearer |

(Doc. 34-2 at 2). Plaintiff further represents that the above-listed unproduced notes are 19 pages of information. (Doc. 34 at 1).

The parties agree that Defendant has produced a privilege log. (Doc. 34). However, the parties dispute whether the privilege log establishes that each of the above-listed unproduced notes is cloaked in the attorney-client privilege. (*Id.*).

Plaintiff argues:

> [T]here is no indication of an attorney client relationship at least from the face of the privilege log. None of the persons who are authors of the claim notes are attorneys. Nor is any reference made to an attorney. … [Alternatively, there is no] representation [that ] communication with counsel [if any] was for the purpose of obtaining legal advice. Not all communications with an attorney are privileged. The privilege only applies to legal advice, not when the consultation is for business advice, for example.

(Doc. 34 at 2).

Defendant argues:

> The portions of the Twin City claim file redacted as privilege[] consist, for example, of invoices from attorney Wren's office to Twin City claims personnel; status updates to Twin City by attorney Wren; updates on calendar events by Mr. Wren's office regarding proceedings at the ICA; summaries and commentary by Mr. Wren regarding deposition testimony of various witnesses in the ICA proceedings; evaluations to Twin City regarding the progress of the ICA proceedings; and recommendations by Mr. Wren regarding discovery issues and litigation plan/recommendations to Twin City going forward. These are clearly attorney-client privileged communications and not, as Plaintiff suggests, communications made in consultation for "business advice."

(Doc. 34 at 4).

## II. Analysis

### A. Establishing Privilege

#### 1. Law

Another Court in this district has discussed a defendant's burden to establish that the kinds of documents at issue in this case are privileged:

The attorney-client privilege protects confidential communications between attorneys and clients that are made for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Because it impedes full and free discovery of the truth, [this privilege] is strictly construed." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Attorney-client privilege exists:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* The party asserting the privilege bears the burden to establish the privileged nature of the communications sought. *Id.*; *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). "Further, the proponent has the obligation of establishing for *each and every* communication all the elements of the privilege. There is no blanket claim of the privilege." *S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542, 551 (D. Ariz. 2002); *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("blanket assertions of the privilege are extremely disfavored [and t]he privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity" (internal quotations and citation omitted)).

"A person withholding subpoenaed information under a claim that it is privileged ... must expressly make the claim and 'describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.'" *Games2U, Inc. v. Game Truck Licensing, LLC*, 2013 WL 4046655, at *5 (D. Ariz. Aug. 9, 2013) (quoting Fed. R. Civ. P. 45(d)(2)(A)); *see also* Fed. R. Civ. P. 26(b)(5)(A). As this Court noted in *Games2U, Inc.*,

> In *In re Grand Jury Investigation*, the Ninth Circuit held that a party met its burden to demonstrate the applicability of the protections by providing a privilege log that identified the following: (1) the attorney and client involved; (2) the nature of the document (i.e., letter, memorandum); (3) all persons or entities shown on the document to have received or sent the document; (4) the date the document was generated, prepared, or dated; and (5) information on the subject matter of each document.

2013 WL 4046655, at *5 (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)). The Court further stated that, "[a]lthough sufficient, this list of identifiers are neither exhaustive nor necessary to carry the burden to describe the nature of the withheld documents and enable the parties to assess the claim of privilege." *Id.*

*Briggs v. Cnty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2021 WL 1192819, at *6 (D. Ariz. Mar. 30, 2021).

**2. Discussion**

On this record, the Court cannot resolve this dispute. For example, the Court will likely agree with Defendant that bills from its attorney are privileged. However, the Court agrees with Plaintiff that the above-listed descriptions would not advise a reader that the information in "Claim note by J. Shearer" is in fact a bill from an outside attorney. By way of additional example, the Court cannot hypothesize why attorney Wren telling Twin City of dates set by the Industrial Commission would be privileged since at least one third-party would be aware of those dates. In other words, an attorney telling his client publicly available information does not transmute that information into something confidential. *Metzler Contracting Co. LLC v. Stephens*, 642 F. Supp. 2d 1192, 1202 (D. Haw. 2009) ("where an attorney communicates information that is publically available, that information standing alone is not likely to fall within the attorney-client privilege. *See, e.g., United States v. Martin,* 278 F.3d 988, 1000 (9th Cir. 2002)").

Further impeding the Court's ability to resolve this issue is that the parties did not provide a copy of the privilege log with the joint motion. The Court will require supplemental briefing.

**3. Supplemental Briefing**

Defendant will be required to produce a more detailed privilege log listing each of the 5 items of information required by *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). The parties will be required to meet and confer again to see if, after Plaintiff reviews the more robust privilege log, they can agree that any of the 19 pages at issue is, or is not, privileged.

<u>If a dispute(s) remains, Defendant (because it is the party with the burden to establish privilege) will be required to file a motion for protective order for EACH of the 9 unproduced items listed above. Each motion for protective order must be completely self-contained; it cannot incorporate by reference any other filings. Each motion for protective order must attach or quote the portion of the privilege log relevant to the item at issue in that motion. Each motion for protective order must expressly address each and</u>

every item listed in *In re Grand Jury Investigation*, which is a non-exhaustive list. A failure to address any of the five required categories from *In re Grand Jury Investigation* will mean Defendant did not carry its burden and the Court will order production. Defendant cannot brief any items in the negative. In other words, Defendant cannot say "no one other than the client and attorney received the document." Instead, Defendant must expressly list every human and entity that received each copy of every document or was present at every summarized conversation. Defendant is cautioned that the Court will not order more supplemental briefing; Defendant must meet its burden in the motion for protective order including providing any additional information beyond the five required categories from *In re Grand Jury Investigation*. The briefing schedule will be as specified below.

Because any remaining disputes will be governed by these motions for protective orders, the joint motion will be denied below, without prejudice

**B. Third-Party Waiver**

**1. Law**

If a third-party was included in the communications between the lawyer and the client, the privilege can be waived. *See Briggs v. Cnty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2021 WL 1192819, at *7 (D. Ariz. Mar. 30, 2021) ("Attorney-client communications 'made in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality.'" (quoting *Regents of Univ. of California v. Affymetrix, Inc.*, 326 F.R.D. 275, 279 (S.D. Cal. 2018)). The general third-party waiver rule is subject to certain exceptions. *See Accomazzo v. Kemp, ex rel. Cnty. of Maricopa*, 319 P.3d 231, 235–36 ¶15 (Ariz. Ct. App. 2014).

**2. Discussion**

Here, Plaintiff does not argue waiver in the joint filing. (Doc. 34). However, on this record, Defendant has not communicated enough information to establish whether third-party waiver is at issue.

**C. Sword and Shield**

**1. Law**

In preparing the motions and deciding whether to assert a defense of advice of counsel, Defendant should note that the attorney-client privilege cannot be used as a sword and a shield. For example,

> In [*State Farm Mut. Auto. Ins. Co. v. Lee,* 13 P.3d 1169, 1175 (Ariz. 2000)], the Court described the advice-of-counsel defense and the scope of the resulting waiver of the attorney-client privilege with a "sword and shield metaphor." 13 P.3d at 1182. The Court explained that a litigant cannot "claim on the one hand that it acted reasonably because it made a legal evaluation from which it concluded that the law permitted it to act in a certain manner" and at the same time "withhold from its adversary and the factfinder information it received from counsel on that very subject and that therefore was included in its evaluation." *Id.*

*City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-12-380-PHX-BSB, 2013 WL 1797308, at *5, n. 5 (D. Ariz. Apr. 29, 2013); *see also Briggs*, 2021 WL 1192819, at *7 n. 10 ("Further, the privilege which protects attorney-client communications may not be used both as a sword and a shield and where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)" (cleaned up)).

**2. Discussion/Supplemental Briefing**

In the motions for protective orders, Defendant must expressly acknowledge that it is forfeiting the ability to use any unproduced documents at summary judgment or trial. In other words, Defendant is cautioned that for all documents over which it prevails on its claim of privilege, it will not be allowed to use actions described in those documents to defend against a bad faith claim. Thus, for example, if once all of the attorney's "advice" is removed, it appears no action was taken on the claim, such absence of action may support an unreasonable-delay-bad-faith claim. *See Zilisch v. State Farm Mut. Auto. Ins. Co.,* 995 P.2d 276 (Ariz. 2000). Further, the adjuster may not testify at deposition or trial that the adjuster took an action or reached a conclusion based on advice of counsel. If that means the adjuster cannot then explain the action, it may look arbitrary, which may support a bad

faith claim. *Id*. Thus, Defendant must decide whether it is more important to its defense to maintain the privilege (assuming Defendant can establish it) or have the jury know of all the activity being taken on the file. To repeat, if the privilege is maintained, Defendant may in no way use any privileged actions by counsel to aid in its defense in any way.[1]

**III. Conclusion**

**IT IS ORDERED** that the joint discovery dispute motion (Doc. 34) is denied without prejudice.

**IT IS FURTHER ORDERED** that Defendant must produce a more detailed privilege log by September 17, 2026.

**IT IS FURTHER ORDERED** that the parties must meet and confer again by September 22, 2026.

**IT IS FURTHER ORDERED** that, by September 25, 2026, Defendant must file up to nine (9) motions for protective orders as specified in the underlined language above as to any items that remain in dispute. Each motion may be up to 10 pages in length. As to any item for which Defendant does not move for a protective order, Defendant must produce that item by September 28, 2026.

**IT IS FURTHER ORDERED** that Plaintiff must respond to each motion for protective order by October 2, 2026. Each response must be self-contained and not incorporate by reference any other filings. Each response may be up to 10 pages in length. If Plaintiff fails to timely file a response, the Court will deem the failure to respond to be consent to the motion for protective order being granted. *See* LR Civ. 7.2(i).

By this same date, Plaintiff shall move to compel any items that have not been produced by Defendant that are not the subject of a motion for protective order. Each motion to compel must be free-standing; such motion cannot be embedded in any response. Each motion to compel may be up to 5 pages in length.

**IT IS FURTHER ORDERED** that Defendant may file replies in support of each

[1] To the extent Defendant might argue against such a limitation because counsel took important steps in reasonably investigating the claim, any such argument would support Plaintiff's suggestion that the attorney was really adjusting the claim and not providing legal advice.

motion for protective order by October 7, 2026. Defendant shall also file responses to any motions to compel filed by Plaintiff by this same date. If Defendant fails to timely file a response, the Court will deem the failure to respond to be consent to the motion to compel being granted. *See* LR Civ. 7.2(i). The replies and responses authorized by this paragraph may be up to 5 pages in length.

**IT IS FURTHER ORDERED** that Plaintiff may file replies in support of any motions to compel by October 9, 2026. The replies may be up to 5 pages in length.

Dated this 15th day of September, 2026.

James A. Teilborg
Senior United States District Judge